UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION


UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,            )
                                  )
      vs.                         )  Docket No. 21-cr-30021
                                  )
THOMAS J. WILKINSON IV,           )
                                  )
            Defendant.            )  November 10, 2022


**<u>CHANGE OF PLEA</u>**

BEFORE THE HONORABLE KAREN MCNAUGHT,
UNITED STATES MAGISTRATE JUDGE


<u>A P P E A R A N C E S</u> :

For the Plaintiff:      MS. SARAH SEBERGER
                        United States Attorney's Office
                        318 South Sixth Street
                        Springfield, IL 62701
                        217-492-4450

For the Defendant:      MS. ELISABETH POLLOCK,
                        Assistant Federal Public Defender
                        300 W. Main St.
                        Urbana, IL 61801
                        (217) 373-0667



Court Reporter:         KAILEY FENWICK, RPR
                        U.S. District Court
                        600 Monroe Street
                        Springfield, IL 62701



Proceedings recorded by digital sound recording;
proceedings reported by mechanical stenography from
said recording; transcript produced by computer-aided
transcription.

1            *(case called.)*

2      THE COURT:  Good afternoon, everyone.  Let's start

3  with appearances first on behalf of the government.

4      MS. SEBERGER:  Sarah Seberger on behalf of the

5  United States.

6      MS. POLLOCK:  Elisabeth Pollock for Mr. Wilkinson,

7  Your Honor.

8      THE COURT:  All right.  And are you

9  Thomas J. Wilkinson IV?

10      THE DEFENDANT:  Yes, ma'am.

11      THE COURT:  All right.  This case comes to me today

12  for a potential plea of guilty to the indictment.  As a

13  United States Magistrate Judge, I can conduct this

14  hearing to determine whether you are knowingly and

15  voluntarily entering into a plea.  And I can then make

16  a report and recommendation to the District Judge that

17  she accept your guilty plea that you intend to enter

18  here today.

19          The District Judge -- not me because I'm a

20  magistrate judge -- will ultimately decide whether to

21  accept your plea after she reviews the proceedings that

22  we conduct here today.  Do you understand that process?

23      THE DEFENDANT:  Yes, ma'am.

24      THE COURT:  In order for me to conduct the plea

25  proceeding today, both you and the government must

1    consent to me to conduct the hearing.  And I do have

2    before me a consent that appears to be signed by both

3    you and the government.

4          Am I correct there that, Ms. Seberger, you have

5    signed this and you consent to me to conduct this plea

6    proceeding today?

7       MS. SEBERGER:  Yes, Your Honor.

8       THE COURT:  And, Ms. Pollock, did you also sign

9    this?

10      MS. POLLOCK:  Yes, Your Honor.

11      THE COURT:  And you consent to me to conduct this

12   hearing today?

13      MS. POLLOCK:  Yes, Your Honor.

14      THE COURT:  Mr. Wilkinson, let me ask you.  Did you

15   sign this form?

16      THE DEFENDANT:  Yes, ma'am.

17      THE COURT:  And did you discuss consenting to a

18   magistrate judge to conduct the hearing with

19   Ms. Pollock before you signed it?

20      THE DEFENDANT:  Yes, ma'am.

21      THE COURT:  And do you in fact wish to consent to me

22   to conduct this hearing today?

23      THE DEFENDANT:  Yes, ma'am.

24      THE COURT:  I find that both parties have knowingly

25   consented to me to conduct this hearing of the guilty

1  plea proceeding today, and the consent form will be

2  entered on the record.

3      Mr. Wilkinson, before recommending acceptance of

4  your guilty plea, there are a number of questions that

5  I am required to ask myself -- or that I'm required to

6  ask you to assure myself that you are entering into a

7  knowing, valid, and voluntary guilty plea.  So if there

8  are any questions that you do not understand that I ask

9  you at any time during this proceeding or if there's

10  anything that you just don't understand that's going

11  on, please stop, tell me that you need to stop, and you

12  may discuss any questions that you may have with

13  Ms. Pollock because it is essential that you understand

14  each of the questions that I ask before you answer them

15  in order to have a valid plea.  Fair enough?

16    THE DEFENDANT:  Yes, ma'am.

17    THE COURT:  Madam Clerk, would you please administer

18  the oath to Mr. Wilkinson?

19    COURTROOM DEPUTY:  Yes.

20      Will you please raise your right hand?

21          *(Defendant sworn.)*

22    THE COURT:  I will now ask you some questions to

23  assure myself that you are competent to enter into a

24  guilty plea.

25      Would you please state your full name?

1    THE DEFENDANT:  Thomas James Wilkinson IV.

2    THE COURT:  And where were you born, Mr. Wilkinson?

3    THE DEFENDANT:  St. Louis, Missouri.

4    THE COURT:  How old are you?

5    THE DEFENDANT:  55.

6    THE COURT:  How far do you go in school?

7    THE DEFENDANT:  I graduated.

8    THE COURT:  From high school?

9    THE DEFENDANT:  Yes, ma'am.

10   THE COURT:  And are you able to speak, read, write,

11   and understand the English language?

12   THE DEFENDANT:  Yes.

13   THE COURT:  Have you been treated recently for any

14   type of a mental illness?

15   THE DEFENDANT:  No.

16   THE COURT:  Have you been treated recently for any

17   addiction to alcohol or narcotic drugs?

18   THE DEFENDANT:  No.

19   THE COURT:  Are you now or have you recently been

20   under the care of a physician or a psychiatrist?

21   THE DEFENDANT:  No.

22   THE COURT:  Are you currently under the influence of

23   any drug, medication, or alcoholic beverage?

24   THE DEFENDANT:  No, ma'am.

25   THE COURT:  How do you feel physically today?

1       THE DEFENDANT:  Okay.

2       THE COURT:  Do you understand what is happening

3   today?

4       THE DEFENDANT:  Yes, ma'am.

5       THE COURT:  And do you know where you are?

6       THE DEFENDANT:  Yes.

7       THE COURT:  Ms. Pollock, do you have any doubt as to

8   Mr. Wilkinson's competence to plead at this time?

9       MS. POLLOCK:  I do not, Your Honor.

10       THE COURT:  And, Ms. Seberger, on behalf of the

11   government, do you have any concerns about

12   Mr. Wilkinson's competence to plead at this time?

13       MS. SEBERGER:  I do not have any concerns,

14   Your Honor.

15       THE COURT:  Based upon Mr. Wilkinson's responses to

16   my questions, my own personal observations of

17   Mr. Wilkinson, and counsels' representations, I find

18   that Thomas J. Wilkinson IV is competent to understand

19   these proceedings and to enter into a knowing and

20   voluntary plea.

21          Mr. Wilkinson, have you had an ample opportunity

22   to discuss your case with Ms. Pollock?

23       THE DEFENDANT:  Yes.  I mean, there's some cases I

24   discussed with her.

25       THE COURT:  Okay.  And Ms. Pollock is with you here

1  today?

2      MS. POLLOCK:  I'm sorry, Your Honor?

3      THE COURT:  Ms. Pollock, I'm asking Mr. Wilkinson.

4          Ms. Pollock is with you here today?

5      THE DEFENDANT:  Yes, ma'am.

6      THE COURT:  All right.  And are you fully satisfied

7  with her representation in the case that she has given

8  to you?

9      THE DEFENDANT:  Yes.

10     THE COURT:  Turning to the indictment, do you have a

11  copy of the indictment?  Or have you seen a copy of the

12  indictment?

13     THE DEFENDANT:  No.  I haven't gotten one.

14     THE COURT:  Okay.

15     MS. SEBERGER:  Your Honor, I have a copy of the

16  indictment on my laptop I can show him.

17     THE COURT:  My deputy is printing one for

18  Mr. Wilkinson that may be a little bit easier to read,

19  and then you won't have to give up your laptop.

20     MS. SEBERGER:  Thank you, Your Honor.

21                  *(Pause in proceedings.)*

22     THE COURT:  Mr. Wilkinson, have you seen the

23  indictment before?

24     THE DEFENDANT:  Do what, ma'am?

25     THE COURT:  Have you seen that indictment before?

1    THE DEFENDANT:  No, I haven't.

2    THE COURT:  When you had your first appearance, did

3    you see it?

4    THE DEFENDANT:  No.

5    THE COURT:  All right.  Why don't you read through

6    it then?

7    THE DEFENDANT:  What is it?

8    THE COURT:  Read through it.

9    THE DEFENDANT:  I don't have my glasses with me.

10                   *(Pause in proceedings.)*

11    MS. POLLOCK:  We're ready to proceed, Your Honor.

12    THE COURT:  Thank you.

13         All right.  Have you had an opportunity to read

14    the indictment?

15    THE DEFENDANT:  Yes, ma'am.

16    THE COURT:  All right.  The indictment charges you

17    in Count 1 with possession with intent to distribute

18    50.0 grams or more of actual methamphetamine.

19         Count 2 charges you with possession of a firearm

20    in furtherance of a drug-trafficking crime in violation

21    of Title 18 U.S.C. Section 924(c)(1)(A)(i).  And in

22    Count 2, the possession with intent to distribute is in

23    violation of Title 1 United States Code, Sections

24    841(a)(1) and 841(b)(1)(A).

25         Count 3 is felon in possession of a firearm in

1  violation of Title 18 United States Code,

2  Section 922(g)(1) and 924(e).

3       Ms. Seberger, do you agree that those are the

4  charges contained in the indictment?

5     MS. SEBERGER:  I do, Your Honor.

6     THE COURT:  And, Ms. Pollock, do you agree that

7  those are the charges contained in the indictment?

8     MS. POLLOCK:  Yes, Your Honor.

9     THE COURT:  And, Mr. Wilkinson, do you understand

10  that those are the charges against you?

11    THE DEFENDANT:  Yes.

12    THE COURT:  Ms. Seberger, would you please explain

13  precisely and in a meaningful manner the essential

14  elements of the offenses charged to which Mr. Wilkinson

15  intends to plead guilty?

16    MS. SEBERGER:  Sorry, Judge.  I just messed up my

17  paperwork.

18       Your Honor, as to Count 1, the elements of the

19  offense include that the defendant knowingly or

20  intentionally possessed methamphetamine as charged.

21  The substance was in fact methamphetamine.  The

22  defendant possessed the substance with the intent to

23  distribute it.  And the weight of the methamphetamine

24  possessed by the defendant was 50.0 grams or more.

25       As to Count 2, the government -- the elements of

1  that offense include that the defendant committed the

2  elements of a drug-trafficking crime prosecutable in

3  Federal court, and the defendant knowingly used,

4  carried, or possessed a firearm during or in

5  furtherance of that drug-trafficking crime.

6       As to Count 3, possession of a weapon by a

7  felon, the defendant knowingly possessed the firearm as

8  charged.  And at the time the defendant possessed the

9  firearm, the defendant has been previously convicted of

10 a crime punishable by imprisonment for a term exceeding

11 one year.  And the defendant knew that he was a felon;

12 or in other words, had been previously convicted of a

13 crime punishable by imprisonment for a term exceeding

14 one year, and the firearm was in or effecting commerce.

15     THE COURT:  Thank you.

16          Ms. Pollock, do you agree that those are the

17 essential elements of the charges to which

18 Mr. Wilkinson intends to plead guilty?

19     MS. POLLOCK:  Yes, Your Honor.

20     THE COURT:  And, Mr. Wilkinson, do you understand

21 the elements of the charge?

22     THE DEFENDANT:  Your Honor, I did not possess that

23 firearm.

24     THE COURT:  Okay.

25     MS. POLLOCK:  Can I have a moment, Your Honor?

1    THE COURT:  Of course.

2              *(Off-the-record discussion had.)*

3    THE COURT:  Ms. Pollock, does your client wish to

4  confer a bit more or think about this before he

5  proceeds?

6    MS. POLLOCK:  Your Honor, all I can say is that he

7  is not prepared to admit possession of the firearm at

8  this time.  We can take a few minutes, if the Court

9  would allow me to confirm this.  But if he is not

10  willing to admit possession, then we're going to set

11  the case for trial.

12    THE COURT:  Okay.  I think that's probably the best

13  procedure.  Can you get your agent on the other matter?

14    MS. SEBERGER:  Yes.  I can do that, Judge.

15    THE COURT:  Why don't we do that while they are

16  conferring?

17        Gentleman, how would you like to proceed?  You

18  can't stay here while she's talking to him.

19    THE DEFENDANT:  Go ahead and finish.

20    THE COURT:  Do you want to take him?  Okay.  Why

21  don't we do that?

22              *(Off-the-record discussion had.)*

23    THE COURT:  Ms. Pollock?

24    MS. POLLOCK:  Yes, Your Honor.  We're going to

25  attempt to proceed with the plea proceedings.  I

 1   explained some of the legal issues that Mr. Wilkinson

 2   was confused about.  We'll see how this goes.

 3       THE COURT:  All right.  So I believe that,

 4   Mr. Wilkinson, I asked if you understood the charges

 5   against you.

 6       THE DEFENDANT:  Yes, ma'am.

 7       THE COURT:  And, Ms. Seberger, would you please

 8   explain precisely and in a meaningful manner -- we went

 9   through this; didn't we?  We went through the elements.

10       MS. SEBERGER:  We've done the elements, Your Honor.

11   We haven't done the penalties.

12       THE COURT:  All right.  Mr. Wilkinson, do you

13   understand the elements of the charges against you?

14       THE DEFENDANT:  Yes, ma'am.

15       THE COURT:  All right.  Ms. Seberger, would you

16   please state the potential penalties for the offenses?

17       MS. SEBERGER:  Your Honor, as to Count 1, due to a

18   prior conviction of the defendant, the statutory

19   penalty is not less than 15 years imprisonment and up

20   to a life term of imprisonment; not less than ten years

21   of supervised release; up to a $20 million fine; and a

22   $100 special assessment.

23           As it relates to Count 1, I do want to note that

24   originally, the government had filed with the

25   indictment notice of two prior convictions.  As a

*USA v. WILKINSON, 21-cr-30021 -- Change of Plea (11/10/2022)*

1   result of discussions and negotiations with Ms. Pollock

2   on behalf of the defendant, the government filed

3   yesterday an information alleging only one prior

4   conviction as part of this plea.

5           As to Count 2 -- and I'll discuss that more

6   later, Your Honor -- as to Count 2, the statutory

7   penalty is not less than five years imprisonment

8   consecutive to all other counts; up to a $250,000 fine;

9   up to three years of supervised release; and a $100

10  special assessment.

11          As to Count 3, the statutory penalty is, due to

12  prior convictions of the defendant, not less than

13  15 years imprisonment.  I believe it's up to a life

14  term of supervised release, up to a $250,000 fine, and

15  a $100 special assessment.

16    THE COURT:  All right.  And when you said *prior*

17  *convictions*, you meant *a prior conviction*; is that

18  correct?

19    MS. POLLOCK:  Your Honor, the formal filing of one

20  851 is necessary by law for the drug count.  With

21  respect to the armed career criminal designation, that

22  is not required to be filed of record.  So we are aware

23  of the prior convictions and their effect on the

24  mandatory minimum for Count 3, but it's not a part of

25  the 851 notice.

1        THE COURT:  Okay.  Fair enough then.

2            Ms. Pollock, do you agree that those are the

3    potential penalties for the charges?

4        MS. POLLOCK:  I do, Your Honor.

5        THE COURT:  And, Mr. Wilkinson, do you understand

6    the potential penalties that those charges carry?

7        THE DEFENDANT:  Yes, ma'am.

8        THE COURT:  All right.  And then the indictment also

9    contains a forfeiture count for the firearm.  Do you

10   understand that if you enter a plea of guilty to the

11   charges in the indictment, you would also be consenting

12   to the forfeiture of the property as listed in that

13   forfeiture count?

14       THE DEFENDANT:  Yes, ma'am.

15       THE COURT:  Do you understand that the offenses to

16   which you are pleading guilty are felony offenses, that

17   if your plea is accepted, you will be adjudged guilty

18   of those offenses, and such an adjudication may deprive

19   you of valuable civil rights, including your right to

20   vote, your right to hold public office, the right to

21   serve on a jury, and the right to possess any kind of a

22   firearm?

23       THE DEFENDANT:  Yes, ma'am.

24       THE COURT:  Under the constitution and the laws of

25   the United States, you have an absolute right to a

1  trial by jury.  No one, not me as the judge in this

2  court; not the District Judge, who will ultimately

3  decide whether to accept your plea of guilty; not your

4  own attorney; not an attorney for the government; and

5  not any agents of the government can deny you your

6  constitutional right to a jury trial on the charges

7  contained in the indictment.  And this case will

8  proceed to a trial before a District Judge as scheduled

9  unless you enter a plea of guilty here today.  Do you

10  understand that process?

11      THE DEFENDANT:  Yes, ma'am.

12      THE COURT:  You have a right to persist in your not

13  guilty plea and to go to trial.  Do you understand?

14      THE DEFENDANT:  Yes.

15      THE COURT:  You have a right to a trial before a

16  jury of 12 men and women who would sit in a jury box.

17  And you and your attorney would participate in the

18  selection of that jury.  Do you understand?

19      THE DEFENDANT:  Yes, ma'am.

20      THE COURT:  At the trial, you would be presumed

21  innocent, and the government would have the burden of

22  proving by competent evidence and they would have to

23  convince each and every one of those 12 jurors beyond a

24  reasonable doubt of your guilt before you could be

25  found guilty, and you would not have to prove that you

1   were innocent.  Do you understand?

2       THE DEFENDANT:  Yes, ma'am.

3       THE COURT:  At the trial, you would have the right

4   to the assistance of counsel for your defense.  Do you

5   understand?

6       THE DEFENDANT:  Yes, ma'am.

7       THE COURT:  During the trial, the witnesses for the

8   government would have to come before the Court.  They

9   would testify in your presence.  And you and your

10  counsel could cross-examine those witnesses for the

11  government, and you could object to evidence that is

12  offered by the government.  Do you understand?

13      THE DEFENDANT:  Yes, ma'am.

14      THE COURT:  You could, if you so chose, present

15  evidence on your own behalf; although, there is no

16  burden or obligation upon you to do so.  Do you

17  understand?

18      THE DEFENDANT:  Yes, ma'am.

19      THE COURT:  You would also have the right to compel

20  the attendance of witnesses to testify in your defense.

21  Do you understand?

22      THE DEFENDANT:  Yes, ma'am.

23      THE COURT:  At trial, while you would have the right

24  to testify in your own behalf, if you so chose, you

25  would also have the right not to testify.  And no

```
 1   inference or suggestion of guilt could be drawn from

 2   the fact that you did not testify.  Do you understand?

 3       THE DEFENDANT:  Yes, ma'am.

 4       THE COURT:  These are very important rights that are

 5   guaranteed to you by your constitution and by the laws

 6   of the United States.  And you must understand that if

 7   you plead guilty and the Court accepts your plea, you

 8   will be waiving your right to a trial before the

 9   District Judge, and you will also be waiving the other

10   rights that I have just discussed, and there will be no

11   trial.  Do you understand?

12       THE DEFENDANT:  Yes, ma'am.

13       THE COURT:  After the hearing today, I will file a

14   document called a *report and recommendation* concerning

15   your plea of guilty, and I will also order the

16   preparation of a presentence report for use by the

17   District Judge.  If the District Judge accepts my

18   report and recommendation, she will sentence you on the

19   basis of this guilty plea after considering the

20   presentence report.  Do you understand?

21       THE DEFENDANT:  Yes, ma'am.

22       THE COURT:  If you plead guilty, you must understand

23   that you will have to waive your right not to

24   incriminate yourself since I will ask you questions

25   about what you did in order to satisfy myself that you
```

*USA v. WILKINSON, 21-cr-30021 -- Change of Plea (11/10/2022)*

1  are guilty as charged.  You will have to acknowledge

2  your guilt in open court today.  Do you understand?

3     THE DEFENDANT:  Yes, ma'am.

4     THE COURT:  Having discussed these rights with you,

5  do you still wish to plead guilty?

6     THE DEFENDANT:  Yes, ma'am.

7     THE COURT:  Ms. Pollock, were there any formal plea

8  offers made by the government?

9     MS. POLLOCK:  Your Honor, I believe there was a

10  written plea agreement tendered prior to my

11  representation of Mr. Wilkinson to his former attorney,

12  which was rejected.  There have been many, many

13  informal plea discussions, but no further written plea

14  agreements have been tendered.

15     THE COURT:  All right.  And were those conveyed to

16  the defendant?

17     MS. POLLOCK:  They were, Your Honor.

18     THE COURT:  Mr. Wilkinson, do you understand that

19  your sentence will be determined by a combination of

20  advisory Sentencing Guidelines, possible authorized

21  variances from those guidelines, and other statutory

22  sentencing factors?

23     THE DEFENDANT:  Yes, ma'am.

24     THE COURT:  Have you and your attorney talked about

25  how these advisory Sentencing Guidelines may apply in

1    your case?

2        THE DEFENDANT:  Yeah.

3        THE COURT:  Okay.  Do you understand that the Court

4    will not be able to make a determination about the

5    advisory guideline range in your case until after the

6    presentence report has been completed and you and the

7    government have had an opportunity to challenge the

8    reported facts and the application of the guidelines as

9    recommended by the probation officer, and that the

10    sentence ultimately imposed may be different than any

11    estimate that was given to you by your attorney?

12        THE DEFENDANT:  Yes, ma'am.

13        THE COURT:  Do you also understand that after your

14    initial advisory guideline range has been determined,

15    the Court has the authority in some circumstances to

16    vary upward or downward from that range, and the Court

17    will also examine other statutory sentencing factors

18    pursuant to a statute -- it's Title 18 U.S.C.

19    Section 3553(a) --  and that may result in the

20    imposition of a sentence that is either greater or

21    lesser than the advisory guideline sentence?

22        THE DEFENDANT:  Yes, ma'am.

23        THE COURT:  Do you understand that in some

24    circumstances, you or the government may have the right

25    to appeal any sentence that the District Judge may

1   impose?

2       THE DEFENDANT:  Yes, ma'am.

3       THE COURT:  Ms. Seberger, would you please tell us

4   what evidence you would present in this case if it were

5   to go to trial that would be sufficient to establish a

6   factual basis for Mr. Wilkinson's plea?

7       MS. SEBERGER:  Your Honor, if this matter were to

8   proceed to trial, the government would present evidence

9   that on February 20th, 2021, the defendant was the

10  driver and sole occupant of a motor vehicle that was

11  stopped by the Illinois State Police for speeding on a

12  highway here in the Central District of Illinois.

13          As troopers continued their traffic stop

14  investigation, the responding trooper noticed a

15  crystal-looking substance fall from the defendant's

16  person to the ground.  The trooper recognized it as

17  looking consistent with methamphetamine and conducted

18  further investigation.

19          Ultimately, Illinois State Police troopers

20  searched the car this defendant was driving and located

21  in two separate locations bags of methamphetamine.  In

22  total -- or that methamphetamine was tested by the Drug

23  Enforcement Administration Lab and totaled more than

24  50.0 grams of pure methamphetamine.

25          Also located in the car was a Hi-Point handgun,

1    which was found in the center console.  That gun was

2    manufactured in the State of Ohio and would have

3    traveled in interstate commerce.  The serial number is

4    P1774380.

5         The defendant, ultimately, in an interview told

6    the State Police that he was given the car for the

7    purpose of collecting the methamphetamine and the gun

8    in St. Louis and delivering both to an unknown

9    recipient in Lincoln, Illinois, here in the Central

10   District of Illinois.

11        The defendant has been previously convicted of

12   multiple offenses, which are felony offenses, in the

13   State of Missouri, including the offense of trafficking

14   in drugs in -- I'm guessing it's pronounced

15   Saint Francois County, Missouri, in case 01-CR-615236,

16   which forms the basis of the prior conviction which

17   enhances Count 1.

18        In that case, the defendant faced a possible

19   sentence of ten years or more of imprisonment, served a

20   term of imprisonment of more than 12 months, and was

21   released from imprisonment within 15 years of the date

22   of the offense in this case.  He, in fact, was

23   sentenced to 15 years and was released less than

24   15 years before the date of this offense.

25        The amount of drugs involved was a distributable

```
1    amount.  And the defendant also admitted to touching
2    the firearm in the car.
3        THE COURT:  All right.  Ms. Pollock, would you agree
4    that that would be the government's evidence in this
5    case if it were to go to trial?
6        MS. POLLOCK:  Mostly, Your Honor.  Mr. Wilkinson
7    does have one correction.  He says that he did not
8    borrow the car for the purpose of going to pick up the
9    drugs.  He borrowed the car to use it.  And in the
10   course of borrowing the car, used it to transport the
11   drugs from Missouri to Illinois.
12       THE COURT:  Thank you.
13          And, Mr. Wilkinson, with the addition of what
14   Ms. Pollock just explained as it differed from what
15   Ms. Seberger said, do you agree that that's what you
16   did?
17       THE DEFENDANT:  Drugs I picked up in Illinois.  It
18   was not brought from Missouri.  The gun was not -- I
19   did touch the gun, but it was not my gun.  It wasn't in
20   my name.
21       MS. POLLOCK:  And as we've discussed, a gun is not
22   required to be owned by or purchased by an individual
23   to have them be technically in possession of it.
24       THE COURT:  Understood.  All right.
25          Mr. Wilkinson, let me ask you some questions,
```

1  some very specific questions just to make sure I

2  understand that -- or that I am comfortable that you

3  understand what it is that you're pleading guilty to;

4  all right?

5          So on or about February 20th of 2021, were you

6  in Montgomery County Illinois?

7      THE DEFENDANT:  Yes, ma'am.

8      THE COURT:  When you were stopped by police

9  officers?

10     THE DEFENDANT:  Yes, ma'am.

11     THE COURT:  All right.  And you understand that

12 Montgomery County is in the Central District of

13 Illinois?.

14     THE DEFENDANT:  Yes, ma'am.

15     THE COURT:  And you -- did you knowingly possess

16 50.0 grams or more of actual methamphetamine with the

17 intention to deliver it?

18     THE DEFENDANT:  Yes, ma'am.

19     THE COURT:  And on February 20th of 2021, when you

20 were stopped by police officers, was there a firearm

21 located in the center console of the car that you were

22 driving?

23     THE DEFENDANT:  Yes, ma'am.

24     THE COURT:  And were you the sole driver and

25 occupant of that car?

1    THE DEFENDANT:  Yes, ma'am.

2    THE COURT:  And you told me that you did touch the

3 firearm while it was in the car?  You said that you did

4 touch the firearm while it was in the car?

5    THE DEFENDANT:  Yes.  I did when I got pulled over.

6    THE COURT:  And that firearm was a black Hi-Point

7 semi-automatic 9mm handgun; is that correct?

8    THE DEFENDANT:  Yes, ma'am.

9    THE COURT:  And Ms. Seberger described the serial

10 number on that as P1774380; is that your understanding

11 of what the serial number was?

12    THE DEFENDANT:  I don't know what it was, but yes.

13    THE COURT:  You don't have any reason to doubt that;

14 do you?

15    THE DEFENDANT:  (Shaking head)

16    THE COURT:  And you don't have any reason to doubt

17 that the gun was manufactured in a State other than

18 Illinois; do you?

19    THE DEFENDANT:  I have no idea where it came from,

20 ma'am.

21    THE COURT:  But you don't have anything to dispute

22 where it was manufactured; do you?

23    THE DEFENDANT:  No.

24    THE COURT:  All right.  And you had previously been

25 convicted of at least one felony offense that had a

*USA v. WILKINSON, 21-cr-30021 -- Change of Plea (11/10/2022)*

1    sentence of more than a year?

2        THE DEFENDANT:  Yes, ma'am.

3        THE COURT:  Mr. Wilkinson, has anyone attempted in

4    any way to force you to plead guilty or otherwise

5    threatened you?

6        THE DEFENDANT:  No.

7        THE COURT:  Has anyone made any promises or

8    assurances of any kind to get you to plead guilty?

9        THE DEFENDANT:  No, ma'am.

10       THE COURT:  Are you pleading guilty because you are

11   in fact guilty?

12       THE DEFENDANT:  Yes, ma'am.

13       THE COURT:  And are you pleading guilty of your own

14   freewill?

15       THE DEFENDANT:  Yes, ma'am.

16       THE COURT:  Ms. Seberger, are there any advisements

17   that I have not given to Mr. Wilkinson that you believe

18   I do need give to him before he pleads guilty?

19       MS. SEBERGER:  I don't, Your Honor.

20           I did just want to -- as I mentioned earlier --

21   expand upon the 851.  Ms. Pollock, in communications

22   with the U.S. Attorney's Office, presented us

23   mitigation.  There was also additional negotiation as

24   she mentioned.  And as a result, while we provided

25   notice in the indictment of two 851 convictions, we,

1  based on those negotiations, only filed yesterday

2  evening, one 851 information.  And I just want to make

3  clear that while there's no formal plea agreement, that

4  was what was contemplated in getting us to today.  I

5  just wanted to make note of that on the record.

6      THE COURT:  Thank you.

7          Ms. Pollock, are there any advisements that I

8  have not given to Mr. Wilkinson that you do believe

9  that I need to give before he pleads guilty?

10     MS. POLLOCK:  No, Your Honor.

11     THE COURT:  All right.  Mr. Wilkinson, how do you

12  plead to Count 1 of possession with intent to

13  distribute 50.0 grams or more of actual

14  methamphetamine?

15     THE DEFENDANT:  Guilty.

16     THE COURT:  How do you plead to Count 2, possession

17  of a firearm in furtherance of a drug-trafficking

18  crime?

19     THE DEFENDANT:  Guilty.

20     THE COURT:  And how do you plead to Count 3, felon

21  in possession of a firearm?

22     THE DEFENDANT:  Guilty.

23     THE COURT:  And do you also consent to the

24  forfeiture of the gun that was seized?

25     THE DEFENDANT:  Yes.

1      THE COURT:  I hereby find that there is a factual

2   basis for the plea of guilty.  And since you have

3   acknowledged that you are in fact guilty as charged in

4   Counts 1, 2, and 3 of the indictment, since you know

5   your right to a trial by jury, since you know what the

6   maximum possible punishment is, and since you are

7   voluntarily pleading guilty, I will recommend that the

8   District Judge accept your plea of guilty.  I will file

9   a report and recommendation with the District Judge

10  recommending an entry of judgment on your plea of

11  guilty.

12      And at this time, I now order that a presentence

13  investigation report be prepared.  You and your counsel

14  will have an opportunity to exam that report.  You may

15  object and comment on it.

16      Sentencing in this matter is set for March 13th

17  of 2023 at ten o'clock a.m. before

18  Judge Sue Myerscough.

19      With another little asterisk or admonition,

20  Judge Myerscough may be taking senior status before

21  your sentencing hearing.  The case may remain with her.

22  If it does, you most likely will be in courtroom two,

23  which is on the same floor, but at the other end of the

24  courthouse.  Or the case may be transferred to another

25  District Judge, and the hearing would be held up on the

1  third floor, which is the courtroom that

2  Judge Myerscough currently occupies.

3        At any rate, that's when your sentencing is set

4  for, unless it gets continued.

5     THE DEFENDANT:  Thank you, Your Honor.

6     THE COURT:  Of course.

7        All right.  Ms. Seberger, as I understand,

8  Mr. Wilkinson, the government's position is that

9  Mr. Wilkinson must remain detained; is that correct?

10    MS. SEBERGER:  Yes, Your Honor.

11    THE COURT:  All right.  Ms. Pollock, anything you'd

12 like to add?

13    MS. POLLOCK:  We have no reason to oppose that,

14 Your Honor.  Thank you.

15    THE COURT:  All right.  If there is no opposition to

16 it, then, Mr. Wilkinson, I will remanned you to the

17 custody of the United States marshals.  And this case

18 will be in recess until the date of the sentencing.

19              *(Proceedings concluded at 3:28 p.m.)*

20              *  *  *  *  *  *  *  *  *  *  *  *

21

22              <u>REPORTER'S CERTIFICATE</u>

23    I, KAILEY FENWICK, RPR, hereby certify that the

24 foregoing, to the best of my ability, is a correct

25 transcript from the proceedings digitally recorded

1   before the magistrate judge in the above-entitled

2   matter.  I was not personally present for said

3   proceedings.

4          Dated this 27th day of December, 2022.

5

6                  ___/s/ *Kailey Fenwick*___

7              Kailey Fenwick, RPR
               IL License # 084.004869

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25