1          UNITED STATES DISTRICT COURT
           CENTRAL DISTRICT OF ILLINOIS
2            SPRINGFIELD DIVISION

3   **UNITED STATES OF AMERICA,**        )
                                         )
4            Plaintiff,                  )
                                         )
5                                        )
       vs.                               )    **Docket No.** 3:21-cr-30021-
6                                        )    CRL-KLM-1
    **THOMAS WILKINSON,**                )
7                                        )
             Defendant.                  )    April 19, 2021
8

9          **INITIAL APPEARANCE AND ARRAIGNMENT**

10      **BEFORE THE HONORABLE THOMAS SCHANZLE-HASKINS**
            UNITED STATES MAGISTRATE JUDGE
11

    **A P P E A R A N C E S :**
12

    For the Plaintiff:          SARAH SEBERGER, AUSA
13                              UNITED STATES ATTORNEY'S OFFICE
                                318 South Sixth Street
14                              Springfield, IL 62701

15   For the Defendant:         MICHAEL D. HARMON, ESQ.
                                984 Clocktower Drive
16                              Suite B,
                                Springfield, IL 62704

17
     Also Present:              Linnea Gustafson
18                              United States Probation Office

19   Court Reporter:            No name provided
                                U.S. District Court
20                              600 Monroe Street
                                Springfield, IL 62701
21

     Proceedings recorded by electronic sound recording;
22   Transcript produced by computer-aided transcription.

23

24

25



*USA vs. WILKINSON, 21-cr-30021 -- Arraignment (4/19/21)*

1          THE CLERK:  The United States District Court for the

2     Central District of Illinois is now in session, the Honorable

3     Tom Schanzle-Haskins, United States Magistrate Judge,

4     presiding.  Come to order.

5          THE COURT:  Good morning.  This is Magistrate Judge

6     Tom Schanzle-Haskins.  We're here this morning in the United

7     States against Thomas Wilkinson for an initial appearance and

8     arraignment in docket number 21-30021.  Pursuant to the terms

9     of the CARES Act and standing order of this court, docket

10    number 21-02 regarding the COVID-19 public emergency, we are

11    conducting this hearing by videoconference.

12          We have, representing the Government, Assistant United

13    States Attorney Sarah Seberger.

14          Ms. Seberger, can you see and hear us, ma'am?

15          MS. SEBERGER:  Yes, I can, Your Honor.

16          THE COURT:  And we have representing the defendant,

17    Thomas Wilkinson, Attorney Michael Harmon.

18          Mr. Harmon, can you see us, sir?

19          MR. HARMON:  Good morning, Your Honor.  Yes, I can.

20    Good morning marshal and sheriff.

21          THE COURT:  All right.  And we also have, I believe,

22    by audio from the United States Probation Office, Linnea

23    Gustafson.

24          Ms. Gustafson, can you see and hear us, ma'am?

25          MS. GUSTAFSON:  Yes, I can, Your Honor.



*USA vs. WILKINSON, 21-cr-30021 -- Arraignment (4/19/21)*

1          THE COURT:  And we have the defendant, Thomas

2   Wilkinson.

3          Mr. Wilkinson, can you see and hear us, sir?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  All right.  Mr. Wilkinson first appeared

6   before this Court on April 13.  At that time, he indicated that

7   he had retained Mr. Harmon to represent him in this matter.

8   Mr. Harmon was not able to appear that day, so this matter was

9   continued on defendant's oral motion for an initial appearance

10  and arraignment until today's date, and the parties are

11  appearing here today.

12         So Mr. Wilkinson, have you received a copy of the

13  indictment?

14         THE DEFENDANT:  No.  No, sir.

15         THE COURT:  You have not received a copy of the

16  indictment?

17         Do you have a copy of the indictment, Mr. Harmon?

18         MR. HARMON:  I have not received one, but I've looked

19  at the charges.

20         THE COURT:  Well, a federal grand jury returned an

21  indictment, Mr. Wilkinson, and charging you, in Count I, with

22  possession with intent to distribute fifty grams or more of

23  methamphetamine actual.  In Count II, possession of a firearm

24  in furtherance of a drug trafficking crime.  And Count III, a

25  felon in possession of a firearm, with special findings

*USA vs. WILKINSON, 21-cr-30021 -- Arraignment (4/19/21)*

1  regarding prior convictions under 21 United States Code Section

2  851.

3          You have a right to a reading of the indictment here

4  in open court.  Would you like me to read the indictment to

5  you, sir?

6          MR. HARMON:  Judge, we would waive the reading of that

7  indictment.

8          THE COURT:  Pardon me, Mr. Harmon?

9          MR. HARMON:  We waive the reading of an indictment.

10          THE COURT:  Is that correct, Mr. Wilkinson?  You waive

11  the reading of the indictment?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  All right.  Would you please state the

14  penalty structure for the charges in the indictment, Ms.

15  Seberger?

16          MS. SEBERGER:  Yes, Your Honor.  As it relates to

17  Count I, due to prior convictions of the defendant the

18  statutory sentence would be not less than twenty-five years

19  imprisonment and up to life imprisonment, not less than ten

20  years of supervised release, up to a ten-million-dollar fine,

21  and a one-hundred-dollar special assessment.

22          As it relates to Count II, Your Honor, that would be

23  not less than five years and up to life imprisonment,

24  consecutive to any other count, to a 250,000-dollar fine, up to

25  three years supervised release and a one-hundred-dollar special


www.escribers.net | 800-257-0885

*USA vs. WILKINSON, 21-cr-30021 -- Arraignment (4/19/21)*

1   assessment.

2          Count III, due to prior convictions of the defendant,

3   not less than fifteen years and up to life imprisonment, up to

4   three years supervised release, up to a 250,000-dollar fine and

5   a one-hundred-dollar special assessment.

6          THE COURT:  Thank you.  Do you understand the possible

7   penalties, Mr. Wilkinson?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  All right.  And how do you wish to plead

10  to the charges in the indictment?  Guilty or not guilty?

11         MR. HARMON:  My client will plead not guilty, Your

12  Honor.

13         THE COURT:  All right.  Plea of not guilty is

14  accepted.  This matter is set for trial on June 1st, 2021 at 9

15  a.m. before United States District Court Judge Sue Myerscough.

16  The matter is set for an initial pre-trial conference before me

17  on May 14, 2021, at 3 p.m.

18         Discovery in this case is ordered to commence.

19         Ms. Seberger, is the -- well, just a moment.

20         As required by Rule 5(f) of the United States Federal

21  Rules of Criminal Procedure, the Government is ordered to

22  produce all exculpatory evidence to the defendant pursuant to

23  Brady against Maryland and his progeny.  Not doing so in a

24  timely manner may result in sanctions, including exclusion of

25  evidence, adverse jury instructions, dismissals of charges, and

*USA vs. WILKINSON, 21-cr-30021 -- Arraignment (4/19/21)*

1    contempt proceedings.  The Court is directed to enter the

2    Court's standing written order regarding Rule 5(f) of the

3    Federal Rules of Criminal Procedure.

4         Is the Government seeking detention in this case, Ms.

5    Seberger?

6         MS. SEBERGER:  We are, Your Honor.

7         THE COURT:  All right.  Ms. Seberger, are you ready to

8    proceed on the issue of detention today?

9         MS. SEBERGER:  I am, Your Honor.  And I would, I

10   guess, just note at this moment for the Court that it's the

11   position of the Government that a rebuttable presumption exists

12   in this case.

13        THE COURT:  All right.  Go ahead.

14        MS. SEBERGER:  That was all for me now, Your Honor.

15   Would you like me to proceed?

16        THE COURT:  Well, Mr. Harmon, are you ready to proceed

17   on the issue of detention here today?

18        MR. HARMON:  Judge, I would like to go ahead and

19   proceed today.  Yes.  I'm ready, Judge.

20        THE COURT:  All right.  Ms. Seberger, would you like

21   to present evidence either by testimony or proffer?

22        MS. SEBERGER:  I would present a proffer, Your Honor.

23   I would start, essentially, by proffering the pre-trial

24   services report prepared by Probation Officer Gustafson.  Would

25   also, Your Honor, just to supplement that, note, that in the



*USA vs. WILKINSON, 21-cr-30021 -- Arraignment (4/19/21)*

1    pre-trial services report it mentions some traffic tickets that

2    are still pending in Montgomery County, and according to

3    Montgomery County's (Indiscernible), those have been dismissed.

4          Additionally, Your Honor, I would just briefly proffer

5    some of the facts relating to the indictment.  Your Honor, if

6    called to testify DEA TFO Agent Russ Sleeper (ph.) would

7    testify that he reviewed the report of an Illinois State Police

8    Tpr. Mark Baker, which indicated that on February the (audio

9    interference) of 2021, this defendant, present this morning

10   before Your Honor, was the driver of a motor vehicle, got

11   stopped by the Illinois State Police for speeding.

12          The defendant displayed signs of impaired driving, and

13   Tpr. Baker began the process of asking him to get out of the

14   vehicle to an investigation for possible impaired driving.  As

15   the defendant exited the vehicle, a crystal looking substance

16   fell from his lap to the ground.  Tpr. Baker recognized that as

17   methamphetamine.

18          As defendant began walking back towards Tpr. Baker's

19   Squad car, more crystal substance, the suspect,

20   methamphetamine, continued to fall out of the defendant's

21   pants.  State police troopers ultimately locate approximately

22   243 grams of what they recognize as ice, methamphetamine, a

23   variety of an unknown white powder, and a Hi-Point handgun in

24   the defendant's vehicle.

25          The defendant, upon being interviewed, ultimately



*USA vs. WILKINSON, 21-cr-30021 -- Arraignment (4/19/21)*

1  tells troopers that he was given the car for the purpose of

2  picking up drugs and a gun in Saint Louis to deliver both of

3  those, or to deliver the drugs and the handgun to an unknown

4  recipient in Lincoln, Illinois.

5      And that would be the Government's proffer this time,

6  in addition to the criminal history and the pre-trial services

7  report.

8      THE COURT:  All right.  Mr. Harmon, would you like to

9  present evidence either by proffer or testimony, sir?

10     MR. HARMON:  Just by proffer, Your Honor.  The pre-

11  trial release information -- Donta Taylor (ph.), who's on the

12  call, is here today, and she would be responsible for my

13  client's residence, feeding, housing, and make sure that he'd

14  comply with any rules that Court would impose on him if he's to

15  be released.

16     THE COURT:  Is that your --

17     MR. HARMON:  That's it, Judge.

18     THE COURT:  All right.  All right.  There are various

19  factors I have to consider regarding the release of a defendant

20  on bond pending further proceedings in the case.  Those are

21  contained in 18 United States Code Section 3142(g).  I'm to

22  consider the nature and circumstances of the offense, including

23  whether or not it involves controlled substances.  Obviously,

24  this involves controlled substances.  I'm also to consider

25  whether or not it involves a firearm, and it involves a

*USA vs. WILKINSON, 21-cr-30021 -- Arraignment (4/19/21)*

1    firearm.  I consider the weight of the evidence.  The weight of

2    the evidence in this case appears to be very strong in this

3    case.

4           I am also to consider the history and characteristics

5    of the defendant, and in reviewing the pre-trial services

6    report, I note that the defendant has been unemployed for the

7    past three years.  The defendant indicated to the probation

8    office that he uses methamphetamine daily and consumes

9    approximately 1.5 grams of methamphetamine a week, and he would

10   reportedly spend 500 to 100 -- 50 to 100 dollars on

11   methamphetamine every two to three days.

12          The defendant was convicted of unlawful use of a

13   weapon in 1998.  He has a drug conviction from 2001 in

14   Farmington, Missouri.  He entered a plea of guilty in that, was

15   sentenced to twenty years.  He also entered in Missouri a

16   guilty plea in 2004 and was sentenced to five years

17   incarceration on each of Counts I through III of the drug

18   offenses.

19          He was convicted in 2002, again pled guilty and was

20   sentenced to fifteen years incarceration on drug trafficking

21   charges concurrent with a sentence in the prior case.

22          He was convicted in 2010 of attempt to manufacture a

23   controlled substance, sentenced to ten years incarceration.  At

24   that time, again, was convicted in another case in 2010,

25   possession of a controlled substance, and was given a

*USA vs. WILKINSON, 21-cr-30021 -- Arraignment (4/19/21)*

1  concurrent sentence of seven years in that case.

2         I find by clear and convincing evidence that the

3  defendant is unlikely to follow any conditions of release if

4  released in this case.  There is a rebuttable presumption in

5  this case which exists, and exists whether or not some evidence

6  is submitted to rebut the case.

7         So I find that by current convincing evidence that no

8  conditions of release would ensure the safety of other persons

9  or the community and order that the defendant be detained

10  without bond pending trial in this matter.

11         I direct Ms. Seberger to present to the Court a draft

12  detention order within five days.

13         Anything further that we need to do here today on

14  behalf of the Government, Ms. Seberger?

15         MS. SEBERGER:  Your Honor.

16         THE COURT:  Mr. Harmon, anything further on behalf of

17  Mr. Wilkerson?

18         MR. HARMON:  Nothing, Your Honor.  Thank you.

19         THE COURT:  All right.  Defendant is remanded --

20         THE CLERK:  Judge?

21         THE COURT:  Yes.

22         THE CLERK:  Judge, this is Stacy (ph.).  I didn't

23  catch.  Did he consent to hearing by video?

24         THE COURT:  Do you consent to this hearing having been

25  conducted by video, Mr. Wilkinson?



*USA vs. WILKINSON, 21-cr-30021 -- Arraignment (4/19/21)*

1         THE DEFENDANT:  Do I have consent?

2         THE COURT:  To the hearing being conducted by video.

3         MR. HARMON:  Tom, we talked about that yesterday, that

4  it was going to be by video, and you said you are okay with

5  that?

6         THE DEFENDANT:  Yeah.

7         THE COURT:  All right.

8         MR. HARMON:  Hey, can see about maybe get me a

9  transfer to Menard or Macoupin County, please?

10        THE COURT:  Okay.  But all I'm asking you is, you

11 consented to have this hearing done by video?

12        THE DEFENDANT:  Yeah.

13        THE COURT:  All right.  Okay.  All right.

14        Madam Clerk, anything further?

15        THE CLERK:  No, Your Honor.

16        THE COURT:  Thank you.  All right.  Defendant's

17 remanded to the custody of United States Marshals Service to be

18 detained pending further proceedings in this case.

19        And Court is adjourned.

20     (Proceedings concluded at 11:44 a.m.)

21

22

23

24

25



1                          C E R T I F I C A T I O N

2

3            I, Hana Copperman, court-approved transcriber, do

4     hereby certify the foregoing is a true and correct transcript

5     from the official electronic sound recording of the proceedings

6     in the above-entitled matter.

7

8     *Hana Copperman*

9                                            August 13, 2023

10    _____          _____

      Hana Copperman, CET-487                   DATE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25


www.escribers.net | 800-257-0885